UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

| | |
|---|---|
| JAMES DOUCHETTE, | **DECISION AND ORDER** |
| Movant, | **Civil Case No. 6:13-cv-06157-MAT** |
| -vs- | **Criminal Case No. 6:10-cr-06058-MAT** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

───────────────────────────────

# INTRODUCTION

Presently pending before the Court are the Motion to Vacate the Sentence pursuant to 28 U.S.C. § 2255 ("Original § 2255 Motion") (Dkt #356) filed pro se by James Douchette ("Movant" or "Douchette"); the Motion to Amend the Motion to Vacate (Dkt #369) filed pro se by Douchette; and the Supplemental Motion to Vacate ("Supplemental § 2255 Motion") (Dkt #431), filed by the Federal Public Defender. Also pending is the Federal Public Defender's Motion to Withdraw as Counsel ("Motion to Withdraw") (Dkt #441). For the reasons discussed herein, the Original § 2255 Motion is denied; the Motion to Amend the Motion to Vacate is granted, but the claims raised therein are denied; the Supplemental § 2255 Motion is denied; and the Motion to Withdraw is granted.

# FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 11, 2010, a Federal grand jury returned an 11-count indictment against Douchette and ten co-defendants. Count 1 charged

Douchette with a violation of 21 U.S.C. § 846; Count 4 charged him with a violation of 21 U.S.C. § 856 (a)(1); Counts 5 and 6 charged him with violations of 18 U.S.C. § 924(c)(1); Count 7 charged him with a violation of 18 U.S.C. § 922(g)(1); and Counts 8 and 9 charged him with violations of 21 U.S.C. § 841(a)(1).

On March 12, 2010, Douchette appeared before the Court (Siragusa, D.J.) and, pursuant to his written plea agreement with Respondent, entered a plea of "guilty" to Counts 1 and 6. The plea agreement was executed in open court following an extensive plea colloquy. Judge Siragusa confirmed that Douchette was adequately informed of the nature of the charges (P.2-3, 12-13),[1] did not dispute the facts underlying the charges to which he pled guilty (P.41-45), understood the material terms of the agreement and the consequences of pleading guilty (P.4-5, 12-24, 33), had not been coerced into pleading guilty (P.40), and was satisfied with the representation provided by defense counsel (P.11).

Based on Douchette's provision of substantial assistance, the Government filed a motion pursuant to 18 U.S.C. § 3553(e) and United States Sentencing Guidelines ("USSG") § 5K1.1, requesting 5-level downward departure, which resulted in a sentencing range of 210 to 262 months. At the sentencing hearing on July 23, 2012, Judge Siragusa, after considering the extent of Douchette's

---

[1] Numerals preceded by "P." in parentheses refer to pages from the transcript of the plea hearing held on March 12, 2010. The plea transcript is attached to Respondent's Response (Dkt #368) as Exhibit ("Ex.") 2.

cooperation, imposed a 216-month aggregate term of imprisonment. (S.26-28).[2]

Douchette did not file a direct appeal.

## SECTION 2255

Section 2255 provides, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court may dismiss a Section 2255 motion without a hearing if the motion and the record "conclusively show[,]" id., that the movant is not entitled to relief. See, e.g., Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001) (district court was not required to hold full testimonial hearing before deciding federal prisoner's motion to vacate, set aside or correct sentence based on claim of ineffective assistance of counsel alleging that counsel prevented him from exercising his right to testify on his own behalf, where prisoner made only general allegation, and record was supplemented by

---

[2] Numerals preceded by "S." in parentheses refer to pages from the transcript of the sentencing hearing held on July 23, 2012. The sentencing transcript is attached to Respondent's Response (Dkt #368) as Exhibit ("Ex.") 3.

-3-

detailed affidavit from trial counsel credibly describing circumstances concerning prisoner's failure to testify).

**DISCUSSION**

**I. Erroneous Addition of Currency to the Forfeiture Violation**

In the Motion to Amend the Motion to Vacate, Douchette asserts that a sum of U.S. currency (approximately $14,290.00) was mistakenly added by the Government to the charged violation of 21 U.S.C. § 853(a)(1) and (2). According to Douchette, this amount of currency was not part of the offense conduct but was instead "currency that [his] family was putting aside to retain a paid practitioner in this case." (Supplemental § 2255 Motion (Dkt #369), p. 1). Douchette requests "reimburse[ment] of the $ 14,290.00 where the currency was not a part of the conspiracy in this case." (Id.).

As an initial matter, the Court notes that "[t]he plain language of § 2255 requires that the movant be in custody and claim a right to be released from that custody in order to maintain a § 2255 motion." Mosley v. United States, No. 92-CR-51, 1995 WL 118180, at *3 (N.D.N.Y. Mar. 8, 1995). Here, to the extent that Douchette fails to challenge his term of incarceration and seeks only the return of his forfeited property, he cannot obtain relief under § 2255. Id. (dismissing as not cognizable under § 2255 defendant's claim for return of property forfeited pursuant to a plea agreement).

Since Douchette is a pro se litigant, the Court is "obliged to

construe his pleadings and papers liberally." Onwubiko v. United States, 969 F.2d 1392, 1397 (2d Cir. 1992) (citing, inter alia, Haines v. Kerner, 404 U.S. 519, 520 (1972)), implicit overruling on other grounds recognized in Polanco v. U.S. Drug Enforcement Agency, 158 F.3d 647, 652 (2d Cir. 1998). In Mosley, the § 2255 movant also asserted a motion under Federal Rule of Criminal Procedure 41(e) based on allegations that property forfeited pursuant to his plea agreement was unlawful. Relying on Onwubiko, the district court in Mosley determined that it was required to treat the defendant's Rule 41 motion as a "civil complaint for the return of his property." Mosley, 1995 WL 118180, at *3 (citing Onwubiko, 969 F.2d at 1397 (holding that "[w]here criminal proceedings against the movant have already been completed, a district court should treat a rule 41(e) motion as a civil complaint") (citing Mora v. United States, 955 F.2d 156, 158 (2d Cir. 1992)). The Court does likewise here, and construes Douchette's Supplemental § 2255 Motion as a civil complaint for the return of the aforementioned $14,290.00.

Douchette's plea agreement, which included a forfeiture provision stating in relevant part as follows:

> As a condition of the plea, the defendant agrees not to contest any forfeiture or abandonment proceeding . . . and agrees to immediately criminally forfeit all . . . right, title and interest to any and all property which is subject to forfeiture pursuant to 21 U.S.C. § 853(a)(1), which is in the possession and control of defendant or the defendant's nominees. That property includes:

-5-

>     . . .
>     a. The sum of approximately $14,290.00 United States currency . . . . The defendant further agrees that this amount is properly forfeitable pursuant to Title 21, United States Code, Section 853(a), as the $14,290.00 were proceeds of the defendant's illegal activities and waives any other rights the defendant may possess to contest that forfeiture.

(Plea Agreement (Dkt #368-1), § VIII, ¶ 38). Douchette thus expressly agreed to the forfeiture of the $14,290.00 as a condition of his guilty plea. See Mosley, 1995 WL 118180, at *8 ("[Mosley's] consent to the forfeiture was an integral part of his plea agreement. As such, the relevant question is whether Mr. Mosley was coerced or threatened into signing the plea agreement and entering a plea of guilty."). Douchette does not contend that his guilty plea was unknowingly, involuntarily or unintelligently entered into; rather, he asserts that the Government made a mistake of fact in drafting the plea agreement. The transcript of the plea proceeding amply demonstrates that Douchette knowingly assented to the terms of plea agreement, including the forfeiture provision. For instance, Judge Siragusa had the following colloquy with Douchette:

>     THE COURT: If you please go over to page 19, paragraph 38 [of the Plea Agreement], see above there it says "forfeiture provisions"? Do you see that?
>     THE DEFENDANT: Yes, I see it.
>     THE COURT: Do you know what forfeiture means?
>     THE DEFENDANT: Forfeit.
>     THE COURT: To give up something. Under this section of the agreement you're consenting, to the extent you have any interest in $14,290 seized by the Rochester Police

>   Department to the extent you have any interest in that.
>   THE DEFENDANT: No, sir.
>   THE COURT: That the government can have the money. Do you
>   understand that?
>   THE DEFENDANT: Yes, sir.

(P.32:2-15).[3] Prior to Douchette signing the Plea Agreement, Judge Siragusa read and reviewed the provision indicating that the Agreement represented the total agreement between himself and Government. Douchette agreed that he "had a full opportunity to discuss this with my attorney, James Napier, Esq. [and] agree[d] that it represent[ed] the total agreement reached between [him]self and the government", that "[n]o promises or representations have been made to [him] other than what is contained in this agreement, that he "understand[s] the consequences of my plea of guilty and fully agree with the contents of this agreement and [is] signing it of [his] own free will." (P.33:6-19) When asked if that "that [is] all true[,]" Douchette replied affirmatively. (P.33:19). At the sentencing proceeding, pursuant to the Government's request, Judge Siragusa directed the forfeiture of the items specified in the Plea Agreement, including the currency; neither Douchette nor his attorney voiced any objection. (S.32). In short, there is no indication that Douchette's entry into the Plea Agreement was coerced or otherwise the result of improper influence. Douchette

---

[3] Earlier during the proceeding, prior to the guilty plea, Judge Siragusa had informed Douchette as follows: "You are named as well in two forfeiture allegations. . . . Second forfeiture allegation alleges if convicted of counts 2, 3, 4, 8, 9, 10 or 11, you will forfeit any interest you have in these sums of money: $38,687, $41,760, $14,290." (P.4:4-11).

indicated that he "fully agreed" with the contents of the Plea Agreement, and specifically voiced his understanding of the forfeiture provision. Accordingly, the Court finds that Douchette has failed to assert a plausible claim for relief from the forfeiture order directed by Judge Siragusa pursuant to Douchette's valid Plea Agreement. See Mosley, 1995 WL 118180, at *9 ("[T]he record, as presently constituted, does not support a finding that Mr. Mosley's plea was involuntary; i.e., that he did not knowingly and intelligently waive his right to a jury determination regarding the forfeiture of his property. It is clear from the relevant excerpts of the plea allocution that Mr. Mosley assured the court that his lawyer had explained the agreement to him and that he understood the agreement.").

**II. Ineffective Assistance of Trial Counsel**

In the Original § 2255 Motion, Douchette asserts that trial counsel provided constitutionally deficient representation on the basis that counsel disregarded Douchette's alleged request to file a notice of appeal.

It is well established that when a client requests that an appeal be filed, counsel is required to "support his client's appeal to the best of his ability." Anders v. California, 386 U.S. 738, 744 (1967). Counsel must either proceed with the appeal, or, in the event he believes an appeal would be frivolous, submit a brief "referring to anything in the record that might arguably

support the appeal." Id. An attorney may be found to have rendered deficient performance when he fails to undertake either course of action, even in situations where the client had entered into a plea agreement and waived his appellate rights. See Roe v. Flores-Ortega, 528 U.S. 470, 483-84 (2000). In Flores-Ortega, the Supreme Court applied the two-pronged test in Strickland v. Washington, 466 U.S. 668 (1984), to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. 528 U.S. at 476-77. The Supreme Court held that counsel who disregards a defendant's specific instruction to file a notice of appeal acts in a manner that is professionally unreasonable. Id. at 477. Where counsel's error leads to "the forfeiture of a proceeding itself," prejudice will be presumed. See id. at 483-84 ("The even more serious denial of the entire judicial proceeding itself [i.e., an appeal], which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice. Put simply, we cannot accord any '"presumption of reliability,"' judicial proceedings that never took place." Id. (internal quotation omitted).

In Campusano v. United States, 442 F.3d 770 (2d Cir. 2006), the Second Circuit endorsed the "application of the Flores-Ortega presumption [of prejudice] to post-waiver situations[,]" id. at 775, that is, where the defendant has agreed to waive his appellate rights. Thus, "[w]hen a defendant claims that his attorney failed

to file a requested notice of appeal," the Second Circuit has dictated that "the following proceedings will ensue: (1) a hearing before the district court pursuant to § 2255 to determine whether the client requested the appeal; (2) an appeal from the district court's ruling, should either party seek one; and (3) a direct appeal if the defendant did in fact request that a notice of appeal be filed." Campusano, 442 F.3d at 776. Although the Second Circuit "require[s] the district court to hold a hearing without assessing the merits of the requested appeal[,]" id. at 776, it clarified that "the district court has discretion to determine if a testimonial hearing will be conducted." Id. (citing Chang, 250 F.3d at 85 (noting that the Supreme Court has held that, "although a hearing may be warranted, that conclusion does not imply that a movant must always be allowed to appear in a district court for a full hearing"); other citation omitted). The source of the district court's discretion is Section 2255 itself, which permits the court substantial latitude in deciding whether "'allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner.'" Chang, 250 F.3d at 85 (quoting Machibroda v. United States, 368 U.S. 487, 495 (1962); citing Machibroda, 368 U.S. at 495 n. 4 (relying on 28 U.S.C. § 2255, which expressly provides that the "court may entertain and determine such motion without requiring the production of the prisoner at the hearing") (quotation omitted).

Thus, where, as here, a Section 2255 petitioner alleges ineffective assistance of counsel, but his factual assertions are contradicted by "a detailed affidavit from trial counsel credibly describing the circumstances[,]" Chang, 250 F.3d at 85, relevant to the claim, there is no per se requirement that a full testimonial hearing be held. Id.; see also, e.g., Nicholson v. United States, 566 F. Supp.2d 300, 304-05 (S.D.N.Y. 2008) (detailed attorney affirmations contradicting § 2255 petitioner's claim that he asked his lawyers to file a notice of appeal were sufficient to obviate the need for an evidentiary hearing, particularly since petitioner offered no reply to those affirmations); Florez v. United States, No. CV-00-5073(DGT), 2007 WL 162764, at *4 (E.D.N.Y. Jan. 18, 2007) ("The determinative issue is whether or not [the § 2255 petitioner] directed [his lawyer] to file a notice of appeal. A review of the papers submitted by the parties, including a detailed affidavit from [the lawyer], are sufficient to decide this issue; a full testimonial hearing is unnecessary.").

Douchette did not submit a sworn statement in support of his ineffective assistance claim in his original request for Section 2255 relief. Respondent, in support of its opposition to this claim, submitted an Affidavit from Douchette's attorney, James A. Napier, Esq., sworn to July 1, 2013 ("Napier Aff.") (Docket #368-4). Napier avers "[t]hat after a thorough review of [his] file and based on [his] best recollection [he] was not instructed by Mr.

Douchette after sentencing to file a notice of appeal." (Napier Aff. ¶ 2). Douchette then submitted a declaration in which he states as follows: "Directly after sentencing[,] I told Mr. Napier [i.e., defense counsel] that I wanted to appeal my sentence." (Declaration of James Douchette ("Douchette Decl.") (Dkt #369), ¶ 3). That is the extent of Douchette's reply to Napier's affidavit. Douchette did not provide any specific details about the alleged conversations, such as the date on which it took place and where it occurred, what Napier said in response to Douchette's alleged request, what issues Douchette wanted Napier to have raised on direct appeal, an explanation as to why these issues were meritorious or at least colarable, or suggestions as to how to overcome the preclusive effect of the appellate rights waiver in his knowing, intelligent and voluntary plea agreement.

Having reviewed the pleadings, submissions, and related documents of record, the Court concludes that any further evidentiary hearing in this action would "add little or nothing to the written submissions." Chang, 250 F.3d at 86. The Court notes that although Douchette's sentencing occurred on July 23, 2012 (Dkt #343), and judgment was entered on July 30, 2012 (Dkt #345), his Original § 2255 Motion (Dkt #356) was not filed with the Court until March 20, 3013. If Douchette had contemplated filing a notice of appeal, it would have been due 10 days after entry of judgment. See United States v. Batista, 22 F.3d 492, 492 (2d Cir. 1994)

-12-

("Rule 4(b) [of the Federal Rules of Appellate Procedure] requires a criminal defendant to file a notice of appeal within ten days after judgment is entered against him."). Douchette makes no mention of what efforts, if any, he made during the nearly eight months that elapsed after the entry of judgment to determine whether a notice of appeal had been filed, or to inquire about the status of any appeal. Indeed, Napier's affidavit says nothing about receiving any inquiry from Douchette regarding the matter. "It would be reasonable to infer that in regards to a matter of such great import governed by such a short deadline, a person who has instructed counsel to file an appeal would, at minimum, want to know whether the request was carried out and make some reasonably prompt effort to obtain information about its status." Nicholson v. United States, 566 F. Supp.2d 300, 305 (S.D.N.Y. 2008). On the other hand, waiting nearly eight months before raising a concern that Attorney Napier failed to follow his instructions to file a notice of appeal "is more consistent with a fair inference that no request for such appeal was ever communicated to counsel." Id.

**III. The Vagueness Challenge to the Career Offender Enhancement**

In the Supplemental § 2255 Motion, Douchette raises a challenge to his sentence based on the Supreme Court's decision in Johnson v. United States, 576 U.S. ----, 135 S. Ct. 2551, 192 L. Ed.2d 569 (2015), holding that the residual clause of the Armed Career Criminal Act is unconstitutionally void for vagueness.

Douchette was sentenced pursuant to the identically worded residual clause in the Sentencing Guidelines. See U.S.S.G. § 4B1.2(a)(2). In Beckles v. United States, 137 S. Ct. 886 (2017), issued during the pendency of the instant proceedings, the Supreme Court declined to adopt Johnson's reasoning to the Sentencing Guidelines' residual clause and held that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." Id. at 892. The Court is constrained to find that Douchette's constitutional challenge to his sentence has been rendered meritless by Beckles. Relief under Section 2255 must be denied on this basis.

**IV. The Motion to Withdraw**

As noted above, the Federal Public Defender has moved to withdraw from this case. Douchette has made no objection. Accordingly, the Court grants the motion to withdraw.

**CONCLUSION**

For the foregoing reasons, the Original § 2255 Motion (Dkt #356) is denied, the Supplemental § 2255 Motion (Dkt #431) is denied, and the Withdrawal Motion (Dkt #441). is granted. No certificate of appealability shall issue because Douchette has not made a substantial showing of the denial of a constitutional right.

<u>See</u> 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to close this case.

**SO ORDERED.**

                                        **s/ Michael A. Telesca**
                                      _____
                                         HON. MICHAEL A. TELESCA
                                     United States District Judge

Dated:    July 10, 2017
            Rochester, New York.